UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————X

UNITED STATES OF AMERICA *ex rel.*
LUCILLE ABRAHAMSEN,

      Plaintiff,

          v.

HUDSON VALLEY HEMATOLOGY-
ONCOLOGY ASSOCIATES, R.L.L.P.;
RAM R. KANCHERLA; PONCIANO L.
REYES; MICHAEL J. MARESCA; LEV
DAVIDSON; JULIA A. SCHAEFER-
CUTILLO; JEFFREY A. STEWARD;
GERALD A. COLVIN; TAUSEEF AHMED;
JOHN C. NELSON; CARMELLA A.
PUCCIO; KAREN P. SEITER; DELONG
LIU; ASIM AIJAZ; SHEETAL
SHRIMANKER,

      Defendants.
———————————————————————X

UNITED STATES OF AMERICA,

      Plaintiff-Intervenor,

          v.

HUDSON VALLEY HEMATOLOGY-
ONCOLOGY ASSOCIATES, R.L.L.P.,

      Defendant.
———————————————————————X

    STIPULATION AND ORDER
    OF SETTLEMENT AND RELEASE
    BETWEEN THE UNITED STATES
         AND RELATOR

      14 Civ. 2653 (KMK)

WHEREAS, this Stipulation and Order of Settlement and Release (the "Relator

Settlement Stipulation'") is entered into between the United States of America, by its attorney

Preet Bharara, United States Attorney for the Southern District of New York (the "United

States"), and relator Lucille Abrahamsen ("Relator"), through their authorized representatives (collectively the "Parties");

WHEREAS, on or about April 14, 2014, Relator filed a *qui tam* action in the United States District Court for the Southern District of New York, captioned *United States of America ex rel. Lucille Abrahamsen v. Hudson Valley Hematology-Oncology Associates, R.L.L.P., et. al.,* 14 Civ. 2653 (KMK), pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b) (the "Relator's Action");

WHEREAS, on or about September 15, 2016, the United States filed a Notice of Partial Intervention in the Relator's Action;

WHEREAS, on or about October 17, 2016, the United States and Defendant Hudson Valley Hematology-Oncology Associates, R.L.L.P. ("Hudson Valley") have submitted for entry by the Court a signed Stipulation and Order of Settlement and Dismissal (the "Settlement Agreement"), agreeing to resolve certain allegations in the Relator's Action;

WHEREAS, the Settlement Agreement resolved allegations that from approximately June 2010 through June 2015, Hudson Valley (i) routinely waived Medicare beneficiaries' copayments for Current Procedural Terminology ("CPT") codes 99211-99215, which is the amount the Medicare beneficiary was required to pay for services rendered, without an individualized determination of financial hardship or exhaustion of reasonable collection efforts, and (ii) failed to comply with Medicare and Medicaid rules and regulations, specifically by submitting claims for CPT codes 99211 and 99212 to Medicare and Medicaid for reimbursement although the medical records contained no documentation reflecting that services were provided for those claims and/or medically necessary (this conduct is referred to below as the "Covered Conduct");

2

WHEREAS, pursuant to the Settlement Agreement, Hudson Valley has agreed to pay the United States a settlement of $5,314,000.00 (the "Settlement Amount"");

WHEREAS, the Relator has asserted that, pursuant to 31 U.S.C. § 3730(d)(l), she is entitled to receive a portion of the Settlement Amount (the "Relator's Claim"); and

WHEREAS, the Parties hereto mutually desire to reach a full and final compromise of the Relator's Claim against the United States for a portion of the Settlement Amount against Hudson Valley, pursuant to the terms set forth below,

NOW, THEREFORE, in reliance on the representations contained herein and in consideration of the mutual promises, covenants, and obligations in this Relator Settlement Stipulation, and for good and valuable consideration, receipt of which is hereby acknowledged, the Parties agree as follows:

1.      Contingent upon receipt by the United States of the Settlement Amount, and within a reasonable time period thereafter, the United States will pay $1,062,800.00 (the "Relator's Share") to the Relator by electronic funds transfer. The obligation to make this payment to Relator is expressly conditioned on, and arises only with, the receipt by the United States of the Settlement Amount as set forth in the Settlement Agreement. In the event that the United States does not receive the Settlement Amount as required by the Settlement Agreement, the United States shall have no obligation to make a payment to Relator.

2.      Relator agrees that this settlement is fair, adequate, and reasonable under all circumstances, and will not challenge the Settlement Agreement, including but not limited to the Settlement Amount, pursuant to 31 U.S.C. § 3730(c)(2)(8), and expressly waives the opportunity for a hearing on any such objection, pursuant to 31 U.S.C. § 3730(c)(2)(8).

3.      In agreeing to accept payment of the Relator's Share, and upon payment thereof,
Relator, for herself and her heirs, successors, attorneys, agents and assigns, releases and is
deemed to have released and forever discharged the United States, and its agencies, officers,
employees, servants, and agents, from any claims pursuant to 31 U.S.C. § 3730 for a share of the
Settlement Amount, and from any and all claims against the United States, and its agencies,
officers, employees, servants, and agents, arising from or relating to the allegations concerning
the Covered Conduct in the Relator's Action or the filing of the Notice of Partial Intervention.

4.      This Relator Settlement Stipulation does not resolve or in any manner affect any
claims the United States has or may have against Relator arising under U.S. Code, Title 26
(Internal Revenue Code), or any claims arising under this Relator Settlement Stipulation.

5.      This Relator Settlement Stipulation shall be null and void if the Settlement
Agreement is voided, including if a court holds that the Settlement Agreement is not fair,
adequate, and reasonable pursuant to 31 U.S.C. § 3730(c)(2)(B).

6.      This Relator Settlement Stipulation shall inure to the benefit of and be binding
only on the Parties, their successors, assigns, and heirs.

7.      This Relator Settlement Stipulation shall become final, binding, and effective only
upon entry by the Court.

8.      This Stipulation and Order shall be governed by the laws of the United States.
The United States and the Relator agree that the exclusive jurisdiction and venue for any dispute
arising under this Stipulation shall be the United States District Court for the Southern District of
New York.

9.      This Relator Settlement Stipulation constitutes the entire agreement of the United
States and Relator with respect to the subject matter of this Relator Settlement Stipulation and

4

may not be changed, altered, or modified, except by a written agreement signed by the United States and Relator specifically referring to this Relator Settlement Stipulation.

10.     This Relator Settlement Stipulation is effective on the date that it is entered by the Court.

11.     This Relator Settlement Stipulation may be executed in counterparts, each of which shall constitute an original and all of which shall constitute one and the same agreement.

Dated:    New York, New York
          October 18, 2016

                                        Preet Bharara
                                        United States Attorney
                                        *Attorney for Plaintiff-Intervenor*
                                        *United States of America*

                              By:    _Kirti Vaidya Reddy_
                                        KIRTI VAIDYA REDDY
                                        Assistant United States Attorney
                                        86 Chambers Street, 3rd Floor
                                        New York, New York 10007
                                        Telephone No. (212) 637-2751
                                        Facsimile No. (212) 637-2786
                                        Kirti.Reddy@usdoj.gov

Dated:    HIGHLAND, New York        *Relator*
          October 17, 2016

                                        _Lucille Abrahamsen_
                                        LUCILLE ABRAHAMSEN

5

Dated:     Washington, D.C.
             October __, 2016

*Attorney for Relator*

By:

TRACI BUSCHNER, Esq.
Guttman, Buschner & Brooks PLLC
2000 P Street, N.W., Suite 300
Washington, D.C. 20036
Phone:  202-800-3001
TBuschner@gbblegal.com

SO ORDERED:

THE HONORABLE KENNETH M. KARAS
United States District Judge

10/19/16

6