UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————X

UNITED STATES OF AMERICA and THE
STATE OF NEW YORK *ex rel.*
LUCILLE ABRAHAMSEN,

        Plaintiff,

              v.

HUDSON VALLEY HEMATOLOGY-
ONCOLOGY ASSOCIATES, R.L.L.P.;
RAM R. KANCHERLA; PONCIANO L.
REYES; MICHAEL J. MARESCA; LEV
DAVIDSON; JULIA A. SCHAEFER-
CUTILLO; JEFFREY A. STEWARD;
GERALD A. COLVIN; TAUSEEF AHMED;
JOHN C. NELSON; CARMELLA A.
PUCCIO; KAREN P. SEITER; DELONG
LIU; ASIM AIJAZ; SHEETAL
SHRIMANKER,

        Defendants.

———————————————————————X

UNITED STATES OF AMERICA,

        Plaintiff-Intervenor,

              v.

HUDSON VALLEY HEMATOLOGY-
ONCOLOGY ASSOCIATES, R.L.L.P.,

        Defendant.

———————————————————————X

STIPULATION AND ORDER
OF SETTLEMENT AND DISMISSAL


14 Civ. 2653 (KMK)

WHEREAS, this Stipulation and Order of Settlement and Dismissal (the "Stipulation") is

entered into by and among the United States of America, by its attorney, Preet Bharara, United

States Attorney for the Southern District of New York, and on behalf of the Office of Inspector

General of the United States Department of Health and Human Services ("OIG-HHS")

(collectively, the "United States" or the "Government"), Defendant Hudson Valley Hematology Oncology Associates, R.L.L.P. ("Hudson Valley"), through its authorized representative, as well as Relator Lucille Abrahamsen (the "Relator"), through her authorized representative;

WHEREAS, Hudson Valley is a hematology and oncology medical practice, registered as a limited liability partnership, with offices located in Poughkeepsie, Carmel, Yorktown Heights, Middletown and Hawthorne, New York;

WHEREAS, Hudson Valley provides services to individuals with cancer and blood disorders, including individuals eligible to receive benefits though the Medicare Program, Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395 *et seq.* ("Medicare"), and the Medicaid Program, 42 U.S.C. §§ 1396 *et seq.* ("Medicaid");

WHEREAS, on or about April 14, 2014, Relator filed a complaint ("Relator's Complaint") in the United States District Court for the Southern District of New York (the "Court") pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b) ("FCA"), on behalf of the United States as well as the State of New York ("New York"), alleging *inter alia,* that Hudson Valley routinely waived copayments in violation of the Anti-Kickback Statute, 42 U.S.C. § 1320(a)-7b(b) ("AKS"), and falsely charged Medicare and Medicaid for services that it did not render;

WHEREAS, the United States has intervened in the action as against Hudson Valley and filed a Complaint-in-Intervention of the United States of America (the "Federal Complaint");

WHEREAS, the Federal Complaint alleges that from approximately June 2010 through June 2015 (the "Covered Time Period"), Hudson Valley waived copayments without basis and submitted false claims for services provided to individuals eligible to receive benefits through Medicare and Medicaid. During the Covered Time Period, Hudson Valley routinely waived

copayments for Current Procedural Terminology codes ("billing codes") 99211-99215, which is the amount the Medicare beneficiary was required to pay for services rendered, without an individualized determination of financial hardship or exhaustion of reasonable collection efforts. In addition, Hudson Valley failed to comply with Medicare and Medicaid rules and regulations, specifically by submitting claims for billing codes 99211 and 99212 to Medicare and Medicaid for reimbursement although the medical records contain no documentation reflecting that services were provided for those claims and/or that the claims were medically necessary. The conduct alleged in the Federal Complaint shall be defined as the "Covered Conduct."

WHEREAS, the United States alleges that Hudson Valley is liable for damages and civil penalties for conduct under the FCA;

WHEREAS, the United States, Hudson Valley, and the Relator (collectively, the "Parties") have reached a full and final mutually agreeable resolution of all claims asserted in the Relator's Complaint and Federal Complaint;

NOW, THEREFORE, upon the Parties' agreement, IT IS HEREBY ORDERED that:

### TERMS AND CONDITIONS

1.      The Parties consent to this Court's exercise of subject matter jurisdiction over this action and personal jurisdiction over each of them.

2.      Hudson Valley hereby admits, acknowledges as true, and accepts responsibility for the following conduct:

a.      During the Covered Time Period, Hudson Valley routinely waived Medicare beneficiaries' copayments applicable to CPT codes 99211-99215, without an individualized documented determination of financial hardship or exhaustion of reasonable collection efforts;

b.  During the Covered Time Period, although Hudson Valley routinely waived Medicare beneficiaries' copayments applicable to CPT codes 99211-99215, it billed Medicare for an amount which included the amount of the waived copayments, resulting in higher reimbursement amounts from Medicare than Hudson Valley was entitled to;

c.  During the Covered Time Period, Hudson Valley overbilled Medicare and Medicaid by billing for evaluation and management services (CPT codes 99211 or 99212), in addition to billing for routine procedures (such as chemotherapy, injections or venipunctures) on the same date, even though Hudson Valley had not documented that it actually provided any significant, separately identifiable evaluation and management services to the beneficiaries;

d.  During the Covered Time Period, Hudson Valley billed Medicare and Medicaid for evaluation and management services (CPT code 99211 and 99212), without documenting in the medical record that those services were medically necessary and/or that those services were actually performed.

3.  Hudson Valley shall pay to the United States a total of five million three hundred and fourteen thousand dollars ($5,314,000.00) (the "Settlement Amount"). Hudson Valley shall pay the Settlement Amount within sixty (60) business days after the Effective Date (defined below in paragraph 30), plus interest, which shall be compounded annually at the rate of 1.75% accruing from July 21, 2016, to the date of payment ("Settlement Amount"). The payment shall be made in accordance with instructions to be provided by the Financial Litigation Unit of the United States Attorney's Office for the Southern District of New York.

4.      Hudson Valley agrees to cooperate fully and truthfully with the United States'
investigation of individuals not released in this Stipulation. Upon reasonable notice, Hudson
Valley shall encourage, and agree not to impair, the cooperation of its directors, officers, and
employees, and shall use its best efforts to make available, and encourage, the cooperation of
former directors, officers, and employees for interviews and testimony, consistent with the rights
and privileges of all such individuals. Hudson Valley further agrees to furnish to the United
States, upon request, complete and unredacted copies of all non-privileged documents, reports,
memoranda of interviews, and records in its possession, custody, or control concerning any
investigation related to the Covered Conduct that it has undertaken, or that has been performed
by another on its behalf.

5.      Subject to the exceptions in Paragraph 8 (concerning excluded claims) below and
Paragraph 19 (concerning bankruptcy proceedings) below, and conditioned upon Hudson
Valley's compliance of the terms of this Stipulation, including full payment of the Settlement
Amount as set forth in paragraph 3 above, the United States releases Hudson Valley from any
civil or administrative monetary claim the United States has for the Covered Conduct under the
FCA; the Civil Monetary Penalties Law, 42 U.S.C. § 1320a-7a; the Program Fraud Civil
Remedies Act, 31 U.S.C. §§ 3801-3812; and the common law theories of payment by mistake,
unjust enrichment and fraud.

6.      Subject to the exceptions in Paragraph 8 (concerning excluded claims) and
Paragraph 19 (concerning bankruptcy proceedings), below, and conditioned upon Hudson
Valley's full payment of the Settlement Amount as set forth in paragraph 3 above, Relator, for
herself and for her heirs, successors, attorneys, agents, and assigns, releases Hudson Valley, its
agents, owners, employees, successors, attorneys and assigns from any claim the relator has

asserted, could have asserted, or may assert concerning the Covered Conduct and by reason of any cause, matter, thing, fact, circumstance, event or agreement relating to or arising from the Relator's Complaint or the United States Complaint under the False Claims Act, 31 U.S.C. §§ 3729-3733, or the common law theories of payment by mistake, negligence, unjust enrichment, and fraud provided, however, that nothing in this Stipulation shall preclude Relator from seeking to recover her expenses or attorney's fees and costs from Hudson Valley, its owners, successors or assigns pursuant to 31 U.S.C. § 3730(d).

7.    In consideration of the obligations of Hudson Valley in this Agreement and the Corporate Integrity Agreement ("CIA"), entered into between OIG-HHS and Hudson Valley, and conditioned upon Hudson Valley's full payment of the Settlement Amount, OIG-HHS agrees to release and refrain from instituting, directing, or maintaining any administrative action seeking exclusion from Medicare, Medicaid, and other Federal health care programs (as defined in 42 U.S.C. § 1320a-7b(f)) against Hudson Valley under 42 U.S.C. § 1320a-7a (Civil Monetary Penalties Law) or 42 U.S.C. § 1320a-7(b)(7) (permissive exclusion for fraud, kickbacks, and other prohibited activities) for the Covered Conduct, except as reserved in this Paragraph and in Paragraph 8 (concerning excluded claims), below. The OIG-HHS expressly reserves all rights to comply with any statutory obligations to exclude Hudson Valley from Medicare, Medicaid, and other Federal health care programs under 42 U.S.C. § 1320a-7(a) (mandatory exclusion) based upon the Covered Conduct. Nothing in this Paragraph precludes the OIG-HHS from taking action against entities or persons, or for conduct and practices, for which claims have been reserved in Paragraph 8, below.

8.    Notwithstanding the releases given in Paragraphs 5, 6 and 7 of this Stipulation, or any other term of this Stipulation, the following claims of the United States are specifically reserved and are not released by this Stipulation:

a.  Any liability arising under Title 26, U.S. Code (Internal Revenue Code);

b.  Any criminal liability;

c.  Except as expressly stated herein, any civil or administrative liability, including mandatory exclusion from Federal health care programs;

d.  Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

e.  Any liability based upon obligations created by this Stipulation; and

f.  The liability of individuals, including present and former officers, directors, and employees of Hudson Valley.

9.  Relator and her heirs, successors, attorneys, agents, and assigns shall not object to this Stipulation but agree and confirm that this Stipulation is fair, adequate, and reasonable under all the circumstances, pursuant to 31 U.S.C. § 3730(c)(2)(B). Subject to any claims Relator may have for her share of the Settlement Amount pursuant to the Stipulation and Order of Settlement and Release between the Relator and the United States, Relator, for herself individually, and her heirs, successors, attorneys, agents, and assigns fully and finally releases, waives, and forever discharges the United States, its agencies, officers, agents, employees, and servants, from any claims arising from the filing of the Relator's Complaint or under 31 U.S.C. § 3730.

10.  Hudson Valley and its owners fully and finally release the United States and its agencies, employees, servants, and agents from any claims (including attorney's fees, costs, and expenses of every kind and however denominated) that Hudson Valley asserted, could have asserted, or may assert in the future against the United States, its agencies, officers, agents,

employees, and servants, related to the Covered Conduct and the United States' investigation, prosecution, and settlement thereof.

11.    Hudson Valley waives and shall not assert any defenses Hudson Valley may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Stipulation bars a remedy sought in such criminal prosecution or administrative action. Nothing in this paragraph or any other provision of this Stipulation constitutes an agreement by the United States concerning the characterization of the Settlement Amount for purposes of the Internal Revenue laws, Title 26 of the United States Code.

12.    In consideration of the Relator's execution of this Stipulation and Relator's releases as set forth in Paragraph 6, Hudson Valley, its agents, owners, employees, successors, attorneys and assigns release the Relator, her heirs, attorneys, agents, successors, and assigns, from any and all claims (including attorney's fees, costs, and expenses of every kind and however denominated) that Hudson Valley asserted, could have asserted, or may assert in the future against the Relator, related to the Covered Conduct and the Relator's investigation and prosecution thereof.

13.    The Settlement Amount shall not be decreased as a result of the denial of claims for payment now being withheld from payment by any Medicare contractor (e.g., Medicare Administrative Contractor, fiscal intermediary, carrier) or any state payer, related to the Covered Conduct; and Hudson Valley agrees not to resubmit to any Medicare contractor or any state payer any previously denied claims related to the Covered Conduct, agrees not to appeal any such denials of claims, and agrees to withdraw any such pending appeals.

14.     Hudson Valley agrees to the following:

a.      Unallowable Costs Defined: All costs (as defined in the Federal   Acquisition Regulation, 48 C.F.R. § 31.205-47) incurred by or on behalf        of Hudson Valley and its present or former shareholders, officers,   directors, employees, shareholders, and agents in connection with:

      i.      the matters covered by this Stipulation;

      ii.     the United States' audit(s) and civil and/or criminal investigation(s) of the matters covered by this Stipulation;

      iii.    Hudson Valley's investigation, defense, and corrective action undertaken in response to the United States' audit(s) and civil and/or criminal investigation(s) in connection with the matters covered by this Stipulation (including attorney's fees);

      iv.     the negotiation and performance of this Stipulation;

      v.      the payments Hudson Valley makes to the United States pursuant to this Stipulation and any payments that Hudson Valley may make to Relator, including costs and attorney's fees,

      vi.     the negotiation of, and obligations undertaken pursuant to the CIA to: (i) retain an independent review organization to perform annual reviews as described in Section III of the CIA; and (ii) prepare and submit reports to the OIG-HHS

are unallowable costs for government contracting purposes (hereinafter referred to as Unallowable Costs).

b.    Future Treatment of Unallowable Costs:   Unallowable Costs will be separately determined and accounted for by Hudson Valley, and Hudson Valley shall not charge such Unallowable Costs directly or indirectly to any contract with the United States or any State Medicaid program, or seek payment for such Unallowable Costs through any cost report, cost statement, information statement, or payment request submitted by Hudson Valley or any of its subsidiaries or affiliates to Medicare or Medicaid.

c.    Treatment of Unallowable Costs Previously Submitted for Payment: Within 90 days of the Effective Date of this Stipulation, Hudson Valley shall identify to applicable Medicare fiscal carriers and/or contractor, and Medicaid any Unallowable Costs included in payments previously sought from the United States, and any State Medicaid program, including, but not limited to, payments sought in any cost reports, cost statements, information reports, or payment requests already submitted by Hudson Valley or any of its subsidiaries or affiliates, and shall request, and agree, that such cost reports, cost statements, information reports, or payment requests, even if already settled, be adjusted to account for the effect of the inclusion of the Unallowable Costs.  Hudson Valley agrees that the United States, at a minimum, shall be entitled to recoup from Hudson Valley any overpayment plus applicable interest and penalties as a result of the inclusion of such allowable Costs on previously-submitted requests for payment.

The United States, including the Department of Justice and/or the

affected agencies, reserves its rights to audit, examine, or re-examine

Hudson Valley's books and records and to disagree with any calculations

submitted by Hudson Valley or any of their subsidiaries or affiliates

regarding any Unallowable Costs included in payments previously sought

by Hudson Valley, or the effect of any such Unallowable Costs on the

amount of such payments.

15.     Subject to the exceptions in Paragraph 8, in consideration of the obligations of

Hudson Valley in this Stipulation and conditioned upon Hudson Valley's compliance with the

terms of this Stipulation, including timely and full payment of the Settlement Amount, the

Federal Complaint shall be deemed dismissed with prejudice and subject to the Relator's right to

seek to recover attorney's fees, costs and expenses from Hudson Valley, its owners, successors

or assigns pursuant to 31 U.S.C. § 3730(d), the Relator's Complaint shall be deemed dismissed

with prejudice as to the Relator with respect to Hudson Valley and its owners, agents and

employees pursuant to 31 U.S.C. § 3730(d), and without prejudice as to the United States,

except with respect to Hudson Valley for the Covered Conduct; provided, however, that the

Court shall retain jurisdiction over this Stipulation and each Party to the extent the obligations

herein remain unsatisfied by that Party.

16.     Hudson Valley represents and warrants that it has reviewed its financial situation,

that it currently is solvent within the meaning of 11 U.S.C. §§ 547(b)(3) and548(a)(l)(B)(ii)(I),

and reasonably believes that it shall remain solvent following payment to the United States of the

Settlement Amount. Further, the Parties warrant that, in evaluating whether to execute this

Stipulation, they (a) have intended that the mutual promises, covenants, and obligations set forth

constitute a contemporaneous exchange for new value given to Hudson Valley, within the meaning of 11 U.S.C. § 547(c)(l), and (b) conclude that these mutual promises, covenants, and obligations do, in fact, constitute such a contemporaneous exchange. Further, the Parties warrant that the mutual promises, covenants, and obligations set forth herein are intended to and do, in fact, represent a reasonably equivalent exchange of value that is not intended to hinder, delay, or defraud any entity to which Hudson Valley was or became indebted to on or after the date of this transfer, within the meaning of 11 U.S.C. § 548(a)(l).

17.    Hudson Valley shall be in default of this Stipulation if it fails to make the payment required in Paragraph 3. The United States will provide written notice of the default, to be sent by first-class mail and email to the undersigned attorney for Hudson Valley at the below-listed address and any new address of which notice is given. Hudson Valley shall have an opportunity to cure the default within seven (7) business days from date of receipt of the notice of default. In the event that a default is not fully cured within seven (7) business days of the receipt of notice of such default, the Settlement Amount shall be immediately due and payable, and interest shall accrue at the rate of 12% per annum compounded annually on the remaining unpaid principal balance, beginning seven (7) business days after delivery of the notice of default.

In the event of an uncured default, Hudson Valley agrees to the entry of a consent judgment in the form attached hereto as Exhibit A. Further, the United States, at its option, may: (a) rescind this Stipulation and reinstate the Federal Complaint; (b) seek specific performance of the Stipulation; (c) offset the remaining unpaid balance from any amounts due and owing to Hudson Valley by any department, agency or agent of the United States at the time of default; and/or (d) exercise any other rights granted by law, or under the terms of this Stipulation, or

recognizable at common law or in equity. Hudson Valley shall not contest any offset imposed or any collection action undertaken by the United States pursuant to this paragraph, either administratively or in any court. In addition, Hudson Valley shall pay the United States all reasonable costs of collection and enforcement under this paragraph, including attorney's fees and expenses. In the event that the United States opts to rescind this Stipulation pursuant to this paragraph, Hudson Valley shall not plead, argue, or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel, or similar theories, to any civil or administrative claims which relate to the Covered Conduct.

18.     Any failure by the United States to insist upon the strict performance of any of the provisions of this Stipulation shall not be deemed a waiver of any of the provisions hereof, and the United States, notwithstanding that failure, shall have the right thereafter to insist upon strict performance of any and all of the provisions of this Stipulation.

19.     If Hudson Valley commences, or a third party commences, any case, proceeding, or other action under any law relating to bankruptcy, insolvency, reorganization, or relief of debtors (a) seeking to have any order for relief of Hudson Valley's debts, or seeking to adjudicate Hudson Valley as bankrupt or insolvent; or (b) seeking appointment of a receiver, trustee, custodian, or other similar official for Hudson Valley or for all or any substantial part of Hudson Valley's assets, Hudson Valley agree as follows:

a.      Hudson Valley's obligations under this Stipulation may not be avoided pursuant to 11 U.S.C. § 547, and Hudson Valley shall not argue or otherwise take the position in any such case, proceeding, or action that: (i) Hudson Valley's obligations under this Stipulation may be avoided under 11 U.S.C. § 547; (ii) Hudson Valley was insolvent at the time this Stipulation was entered into; or (iii)

the mutual promises, covenants, and obligations set forth in this Stipulation do not

constitute a contemporaneous exchange for new value given to Hudson Valley.

b.  If Hudson Valley' obligations under this Stipulation are avoided for any reason,

including, but not limited to, through the exercise of a trustee's avoidance powers

under the Bankruptcy Code, the United States, at its sole option, may rescind the

releases in this Stipulation and bring any civil and/or administrative claim, action,

or proceeding against Hudson Valley for the claims that would otherwise be

covered by the releases provided in Paragraphs 4 and 5 above.  Hudson Valley

agrees that (i) any such claims, actions, or proceedings brought by the

United States are not subject to an "automatic stay" pursuant to 11 U.S.C. §

362(a) as a result of the action, case, or proceedings described in the first clause

of this paragraph, and Hudson Valley shall not argue or otherwise contend that the

United States' claims, actions, or proceedings are subject to an automatic stay;

(ii) Hudson Valley shall not plead, argue, or otherwise raise any defenses under

the theories of statute of limitations, laches, estoppel, or similar theories, to any

such civil or administrative claims, actions, or proceeding that are brought by the

United States within 60 calendar days of written notification to Hudson Valley

that the releases have been rescinded pursuant to this paragraph; and (iii) the

United States has a valid claim against Hudson Valley in the amount of

$5,314,000.00 plus penalties, and the United States may pursue its claim in the

case, action, or proceeding referenced in the first clause of this paragraph, as well

as in any other case, action, or proceeding.

c.     Hudson Valley acknowledges that its agreements in this paragraph are provided in exchange for valuable consideration provided in this Stipulation.

20.     Except as expressly provided to the contrary in this Stipulation, this Stipulation is intended to be for the benefit of the Parties only. The Parties do not release any claims against any other person or entity.

21.     Except as set forth in Paragraph 6 above (which, among other things, preserves Relator's ability to seek attorney's fees), each Party shall bear its own and its employees' legal fees and other costs incurred in connection with this matter, including the preparation and performance of this Stipulation.

22.     Each party and signatory to this Stipulation represents that it freely and voluntarily enters in to this Stipulation without any degree of duress or compulsion.

23.     This Stipulation is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Stipulation is the United States District Court for the Southern District of New York. For purposes of construing this Stipulation, this Stipulation shall be deemed to have been drafted by all Parties to this Stipulation and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

24.     This Stipulation constitutes the complete agreement between the Parties. This Stipulation may not be amended except by written consent of the Parties.

25.     The undersigned counsel and other signatories represent and warrant that they are fully authorized to execute this Stipulation on behalf of the persons and entities indicated below.

26.     This Stipulation may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Stipulation. Facsimiles and/or PDFs of signatures shall constitute acceptable, binding signatures for purposes of this Stipulation.

27.     This Stipulation is binding on Hudson Valley and its successors, transferees,

heirs, and assigns.

28.     This Stipulation is binding on Relator and Relator's successors, transferees, heirs,

and assigns.

29.     The effective date of this Stipulation is the date upon which this Stipulation is

entered by this Court (the "Effective Date").

Agreed to by:

### THE UNITED STATES OF AMERICA

Dated:   New York, New York                    *Attorney for Plaintiff-Intervenor*
         October 18, 2016                       *United States of America*

                            By:     Kirti Vaidya Reddy
                                    KIRTI VAIDYA REDDY
                                    Assistant United States Attorney
                                    86 Chambers Street, 3rd Floor
                                    New York, New York 10007
                                    Telephone No. (212) 637-2751
                                    Facsimile No. (212) 637-2702
                                    Kirti.Reddy@usdoj.gov


### THE UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, OFFICE OF COUNSEL TO THE INSPECTOR GENERAL

Dated:   Washington, DC                         *Attorney for OIG-HHS*
         October 18, 2016

                            By:     Lisa M. Re
                                    LISA M. RE
                                    Assistant Inspector General for Legal Affairs
                                    Office of Counsel to the Inspector General
                                    Office of Inspector General
                                    U.S. Department of Health and Human Services
                                    Cohen Building
                                    330 Independence Avenue
                                    Washington, DC 20201

**HUDSON VALLEY**

Dated:   New York, NY
         October 17, 2016

                                    *Attorney for Hudson Valley*

                          By:  _Alfredo Mendez Y.S._
                               ALFREDO F. MENDEZ, Esq.
                               Abrams, Fensterman, Fensterman, Eisman,
                                   Formato, Ferrara & Wolf, LLP
                               630 Third Floor, Fifth Floor
                               New York, New York 10017
                               Telephone No. (212) 279-9200
                               Facsimile No. (212) 279-0600
                               AMendez@Abramslaw.com

Dated: POUGHKEEPSIE, NY
       October 17 2016

                                    *Defendant Hudson Valley*

                          By:  _Ram R. Kancherla_
                               RAMAMOHANA R. KANCHERLA, M.D.

                          Title: Managing Partner

Dated: Poughkeepsie, NY
       October 17, 2016

                                    *Defendant Hudson Valley*

                          By:  _Michael J. Maresca_
                               MICHAEL J. MARESCA, M.D.

                          Title: Partner

Dated: Poughkeepsie, NY
       October 17 2016

                                    *Defendant Hudson Valley*

                          By:  _Ponciano L. Reyes_
                               PONCIANO L. REYES, M.D.

                          Title: Partner

**RELATOR**

Dated: HIGHLAND, NY
October 17, 2016

*Relator*

By: _____
LUCILLE ABRAHAMSEN

Dated: Washington, D.C.
October 17, 2016

*Attorney for Relator*

By: _____
TRACI BUSCHNER, Esq.
Guttman, Buschner & Brooks PLL
2000 P. Street, N.W., Suite 300
Washington, D.C. 20036
Telephone No. (202) 800-3001
Direct No. (202) 800-3003
TBuschner@gbblegal.com

SO ORDERED: _____

THE HONORABLE KENNETH M. KARAS
United States District Judge

10/19/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————X

UNITED STATES OF AMERICA and THE
STATE OF NEW YORK *ex rel.*
LUCILLE ABRAHAMSEN,

       Plaintiff,

             v.

HUDSON VALLEY HEMATOLOGY-
ONCOLOGY ASSOCIATES, R.L.L.P.;
RAM R. KANCHERLA; PONCIANO L.
REYES; MICHAEL J. MARESCA; LEV
DAVIDSON; JULIA A. SCHAEFER-
CUTILLO; JEFFREY A. STEWARD;
GERALD A. COLVIN; TAUSEEF AHMED;
JOHN C. NELSON; CARMELLA A.
PUCCIO; KAREN P. SEITER; DELONG
LIU; ASIM AIJAZ; SHEETAL
SHRIMANKER,

       Defendants.
————————————————————X

UNITED STATES OF AMERICA,

       Plaintiff-Intervenor,

             v.

HUDSON VALLEY HEMATOLOGY-
ONCOLOGY ASSOCIATES, R.L.L.P.,

       Defendant.
————————————————————X

**CONSENT JUDGMENT**

14 Civ. 2653 (KMK)

Upon the consent of the United States of America, Relator Lucille Abrahamson, and

Hudson Valley Hematology Oncology Associates, R.L.L.P., ("Hudson Valley"), it is hereby

ORDERED, ADJUDGED, and DECREED: that the United States of America is

awarded judgment in the amount of $5,314,000.00 as against Hudson Valley, as well as post-

judgment interest at the rate of 12% per annum compounded daily.

Agreed to by:

### THE UNITED STATES OF AMERICA

Dated:   New York, New York          *Attorney for Plaintiff-Intervenor*
         October _16_, 2016          *United States of America*

                          By:  _Kirti Vaidya Reddy_
                               KIRTI VAIDYA REDDY
                               Assistant United States Attorney
                               86 Chambers Street, 3rd Floor
                               New York, New York 10007
                               Telephone No. (212) 637-2751
                               Facsimile No. (212) 637-2786
                               Kirti.Reddy@usdoj.gov

### THE UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, OFFICE OF COUNSEL TO THE INSPECTOR GENERAL

Dated:   Washington, DC             *Attorney for OIG-HHS*
         October _18_, 2016

                          By:  _Lisa M. Re_
                               LISA M. RE
                               Assistant Inspector General for Legal Affairs
                               Office of Counsel to the Inspector General
                               Office of Inspector General
                               U.S. Department of Health and Human Services
                               Cohen Building
                               330 Independence Avenue
                               Washington, DC 20201

**HUDSON VALLEY**

Dated:   New York, NY
         October 17, 2016

*Attorney for Hudson Valley*

By:   _____ Y.S.
      ALFREDO F. MENDEZ, Esq.
      Abrams, Fensterman, Fensterman, Eisman,
              Formato, Ferrara & Wolf, LLP
      630 Third Floor, Fifth Floor
      New York, New York 10017
      Telephone No. (212) 279-9200
      Facsimile No. (212) 279-0600
      AMendez@Abramslaw.com


Dated: Poughkeepsie, NY
       October 17, 2016

*Defendant Hudson Valley*

By:   _____

Title _____


Dated: Poughkeepsie, NY
       October 17, 2016

*Defendant Hudson Valley*

By:   _____

Title: _____


Dated: _____, NY
       October 17, 2016

*Defendant Hudson Valley*

By: _____

Title: _____

**RELATOR**

Dated: HIGHLAND , NY
October 17 , 2016

*Relator*
By: _____
LUCILLE ABRAHAMSEN

Dated: Washington, D.C.
October 17 , 2016

*Attorney for Relator*
By: _____
TRACI BUSCHNER, Esq.
Guttman, Buschner & Brooks PLLC
2000 P. Street, N.W., Suite 300
Washington, D.C. 20036
Telephone No. (202) 800-3001
Direct No. (202) 800-3003
TBuschner@gbblegal.com

SO ORDERED:

_____
THE HONORABLE KENNETH M. KARAS
United States District Judge    10/19/16